**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MOHAMMAD KASSAMALI,

                              Plaintiff,

               - v -                                    Civ. No. 1:18-CV-246
                                                              (LEK/DJS)

NEW YORK STATE,

                              Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

MOHAMMAD KASSAMALI
Plaintiff, *Pro Se*
Van Wyck Expressway
Queens, New York 11419

**DANIEL J. STEWART**
**United States Magistrate Judge**


### REPORT-RECOMMENDATION and ORDER

     The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Mohammad

Kassamali.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted

a Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order,

dated March 28, 2018, this Court granted Plaintiff's Application to Proceed IFP.  Now, in

accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the

Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the

factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The gravamen of the Complaint relates to a dispute regarding the issuance of a birth certificate to Plaintiff by the New York State Department of Health. *See generally* Compl., p. 2. Plaintiff was born in Albany, New York. *Id.* Though the allegations are not entirely clear, it appears that Plaintiff has moved in New York State Supreme Court for a name change and that as part of that proceeding an original birth certificate has been requested. *Id.* In the course of that proceeding, there have been issues regarding the exact information

on the original birth certificate. *Id.* at pp. 2-3. Plaintiff claims to need a copy of his original birth certificate to process various matters regarding the Social Security Administration, his United States and British passports, his Indian citizenship, and his New York State drivers license. *Id.* at pp. 3-4. Rather than state the legal basis for his claims, the causes of action identified in the Complaint request particular relief regarding the issuance of a birth certificate and a drivers license. *Id.* at p. 4.

### C. Sufficiency of the Pleading

The Complaint is pled as a civil rights action under 42 U.S.C. § 1983 and names either the State of New York or the New York State Health Department as the Defendant in this case. *Compare* Compl., Caption *with* ¶¶ 3(a) & 5. It is not clear from the documents submitted by Plaintiff to date exactly on what legal theory he seeks to pursue these claims. "Federal jurisdiction exists only when a 'federal question' is presented (28 U.S.C. § 1331), or where there is 'diversity of citizenship' and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)." *Dow v. M & T Bank*, 2016 WL 10835986, at *2 (N.D.N.Y. May 24, 2016), *report and recommendation adopted sub nom. Dow v. M & T Bank, Mortg. Co., 2018 WL 626292 (N.D.N.Y. Jan. 30, 2018)* (citing *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir. 2002); *Townsend v. L.T. Auto Transport, Inc.,* 2014 WL 1572801, at *3 (N.D.N.Y. Apr. 18, 2014)). Here, there is clearly no diversity between New York State or the Department of Health and the Plaintiff, who lists his address as Queens, New York. Nor has Plaintiff clearly stated a federal question. He vaguely claims that he has a right to citizenship

that is being deprived by denial of a birth certificate. Compl. at p. 3. His failure to specifically point to a particular constitutional or federal statutory right that has been violated renders the Complaint insufficient to confer jurisdiction upon the Court. *Cf. Hernandez v. Cheyenne Nat. Indian Affairs,* 2015 WL 6470950, at *1 (W.D. Okla. Sept. 23, 2015), *report and recommendation adopted sub nom. Hernandez v. Cheyenne Nation Indian Affairs,* 2015 WL 6458105 (W.D. Okla. Oct. 26, 2015) (declining to construe action regarding birth certificate as cognizable federal question under section 1983). This failure to articulate the federal basis of jurisdiction is grounds for dismissal.

The Complaint is also subject to dismissal on sovereign immunity grounds. Under clearly established law, the current Complaint is barred by the Eleventh Amendment which provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.' "). That Plaintiff seeks injunctive relief, rather than damages, does not affect the analysis since "such claims cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities." *Olivo v. New York State Dep't of Corr. & Cmty. Supervision*, 2017 WL 2656199, at *3 (N.D.N.Y. June 20, 2017) (citing *Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991)).

-5-

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219–20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint.

For these reasons, it is recommended that Plaintiff's Complaint be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)) While recommending dismissal on Eleventh Amendment grounds, the Court recognizes that an exception to this bar does exist for purely prospective injunctive relief claims against a state official. Under the doctrine announced in *Ex parte Young*, 209 U.S. 123 (1908), "a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.' " *Brown v. New York*, 975 F. Supp. 2d 209, 222 (N.D.N.Y. 2013) (quoting *In*

*re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir.2007)).  Plaintiff may, therefore, be able to proceed against an appropriate state official for the injunctive relief he seeks.  As such, it is appropriate to grant Plaintiff leave to replead his allegations.

In so doing, Plaintiff is advised that he must name an appropriate state official as the defendant and must specifically identify the basis for federal jurisdiction, *i.e.*, the precise *federal* constitutional or statutory ground on which he claims his rights have been violated and the basis for entitlement to the relief he seeks.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed due to lack of jurisdiction, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   March 28, 2018
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge